United States District Court
Northern District of New York

| | |
|---|---|
| Todd Gaetano individually and on behalf of all others similarly situated<br><br>       Plaintiff<br><br>   - against -<br><br>Live  Nation  Entertainment  Inc.,<br>Ticketmaster, LLC<br><br>       Defendant | **Complaint** 1:18-cv-1195 (FJS/TWD) |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Live Nation Entertainment, Inc. (defendant LNE) and Ticketmaster, LLC (defendant Ticketmaster) (collectively, "defendants") control approximately 80% of event tickets sold in the US.

2. Defendant LNE works with third-parties who buy tickets from Ticketmaster which generates a fee to Ticketmaster.

3. The third-parties then use Ticketmaster's proprietary and exclusive ticket reselling platform to offer the tickets for sale in the secondary market – websites and apps such as StubHub.

4. The result is that eventgoers are forced to pay an artificially elevated price beyond the original face value of the ticket.

5. While Ticketmaster purportedly has controls in place to prevent these third-parties (scalpers) from exceeding resale limits on the secondary market, the division of Ticketmaster responsible for monitoring said limits willfully ignore those who violate its terms.

6. In so doing, defendants force monopoly rents tied directly to the entire ticket price on more than just the first sale.

7.      In so doing, defendant Ticketmaster profits greatly at the expense of consumers who pay the increased ticket price.

8.      For example, Ticketmaster would collect $26 on a $210 ticket through the initial sale.

9.      In the secondary market, the $210 ticket would be marked up to $400, and Ticketmaster reaps an additional $76 on that same ticket.

10.     Defendants have abused their monopoly power and acted anticompetitively to elevate ticket prices to levels they would not reach absent manipulation of the market, resulting in harm to consumers.

11.     Defendants and Plaintiffs are all participants in the ticket market.

12.     Plaintiffs are consumers of tickets, and Defendants control ticket availability and the technology facilitating the sale of tickets in the secondary market.

13.     Defendants anticompetitive acts directly increased the price of the tickets paid by Plaintiffs.

14.     Without the availability of tickets in the primary and/or secondary market, plaintiffs would be unable to procure the tickets needed to gain entry to live events.

15.     Plaintiffs and members of the Classes have been forced to pay supra-competitive prices for tickets as a result, instead of paying lower prices.

16.     Defendants actions eliminated or restrained price competition, increased prices to artificially inflated levels, deprived purchasers of free and open competition.

17.     The relevant market is that for event tickets throughout the US.

<u>Jurisdiction and Venue</u>

18.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1, 26 and 28 U.S.C. §§ 1331, 1332 and 1137.

2

19.    Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

20.    This Court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York a substantial portion of the affected interstate trade and commerce discussed below.

21.    Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in New York.

22.    A substantial part of events and omissions giving rise to the claims occurred in this District.

<u>Class Allegations</u>

23.    The classes consist of all consumers in the following states:  <u>all</u>, <u>New York</u> who purchased tickets from defendants or in the secondary market during the statutes of limitation.

24.    A class action is superior to other methods for fair and efficient adjudication of this controversy.

25.    The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

26.    Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

27.    Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

28.    Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

29.   No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

30.   Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

31.   Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

32.   Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

<u>Parties</u>

33.   Plaintiff is a citizen of Rensselaer County, New York.

34.   Defendant LN is a is a Delaware corporation with its principal place of business in Beverly Hills, CA

35.   Defendant Ticketmaster is a Virginia limited liability company with its principal place of business in West Hollywood, CA and upon information and belief, no member thereof is a citizen of New York.

36.   In 2017 and/or 2018, plaintiff purchased one or more tickets from defendants and/or ticket re-sellers in the secondary market for events within the state and US.

<u>15 U.S.C. § 2, GBL 340</u>

37.   Plaintiffs incorporates by references all preceding paragraphs.

38.   Defendants' actions increased the price of tickets causing plaintiff to pay more than he/she otherwise would have had to pay.

39.   Defendants conduct constitutes unlawful monopolization of the market for event tickets.

40.   Defendants' market power is maintained through anticompetitive and unlawful

means, through furnishing software allowing resellers to circumvent protections supposedly in place to prevent these resellers from unfair and unlawful ticket sales, to increase its fees.

41.   Plaintiff and class members were caused damages.

Unjust Enrichment

42.   Plaintiff incorporates by references all preceding paragraphs.

43.   Defendants obtained benefits and monies because the ticket prices were artificially inflated to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** plaintiffs pray for judgment:

1.   Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2.   Entering preliminary and permanent injunctive relief by directing defendant(s) to correct such practices to comply with the law;

3.   Awarding monetary damages and interest, including treble and punitive damages;

4.   Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

5.   Such other and further relief as the Court deems just and proper.

Dated:   October 4, 2018

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
NDNY Bar Roll 519087
891 Northern Blvd., Suite 201
Great Neck, NY 11021

Tel: (516) 303-0552
spencer@spencersheehan.com

Levin-Epstein & Associates, P.C.
/s/Joshua Levin-Epstein
Joshua Levin-Epstein
1 Penn Plaza, Suite 2527
New York, NY 10119
Tel: (212) 792-0046
joshua@levinepstein.com

Larry Paskowitz
The Paskowitz Law Firm, P.C.
New York, NY

[Status]
United States District Court
Eastern District of New York

Todd Gaetano individually and on behalf of all others similarly situated

Plaintiffs

- against -

Live Nation Entertainment Inc., Ticketmaster, LLC

Defendant(s)

## Complaint

Sheehan & Associates, P.C.
891 Northern Blvd., #201
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  October 4, 2018

/s/ Spencer Sheehan
Spencer Sheehan